IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and LABOR/ MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND,<br><br>    Plaintiffs,<br><br>    v.<br><br>RINK SYSTEMS, INC.<br><br>    Defendant. | No. 13 C 4886<br><br>Judge Ronald A. Guzmán |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs sued defendant Rink Systems, Inc. pursuant to the Employee Retirement Income Security Act ("ERISA") for Rink's alleged failure to produce books and records and make required contributions to the Funds for two employees, Megan Keefer and Scott Overgaard. Plaintiffs moved for summary judgment on their claims, which the Court granted as to the claim that defendant failed to make contributions for Megan Keefer but denied as to the claims regarding contributions for Scott Overgaard and production of records. (*See* Aug. 21, 2014 Mem. Opinion & Order.) After the Court issued the summary judgment order, plaintiffs dropped the claims on which they did not prevail. (*See* Pls.' Mot. Set Br. Sch. Prove Up Damages at 2.) The case is before the Court on plaintiffs' motion to prove up their damages on the sole remaining claim, that defendant failed to make contractually-required contributions for Megan Keefer.

**Discussion**

According to ERISA, if a plan prevails in a suit to recover delinquent contributions, the Court "shall award" it:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of – (I) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), [and] (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2). Plaintiffs contend, and defendants do not dispute, that they are entitled to recover $3,560.61 ($1,751.04 for unpaid contributions + $152.56 for interest + $350.21 for liquidated damages + $1,306.80 for audit fees). (Pls.' Mot. Set Br. Sch. Prove Up Damages, Ex. A, Libby Decl. ¶¶ 5, 10.) But defendant argues that the amount plaintiffs seek for attorney's fees and costs, $23,125.98, is unreasonable. (*See id.* Ex. B, McJessy Decl. ¶ 4 (stating that plaintiffs spent $18,672.00 for attorney time [116.7 attorney hours at $160.00/hour], $822.00 for paralegal time [13.7 hours at 60.00/hour] and $3,631.98 for costs).)

The $23,125.98 figure is the lodestar, which the Seventh Circuit has said is the "'[t]he most useful starting point for determining the amount of a reasonable fee'" in an ERISA collection case. *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). However, the court has also said that the lodestar can be adjusted based on the factors set forth in *Hensley* including, as relevant here, the amount at issue in the suit and the results plaintiff obtained. *Id.* at 544 & n.1 (citing *Hensley*, 461 U.S. at 430 n.3). Defendant argues that these factors dictate reducing the fee amount because plaintiffs: (1) prevailed on only one of their claims; and (2) the fee request is disproportionate to the amount of damages they recovered.

2

Contrary to defendant's belief, the fact that plaintiffs were not successful on all of their claims is not a reason for reducing their fee request. According to the *Hensley* Court, the "results obtained" factor only comes into play when plaintiff asserts claims that are "distinctly different," *i.e.*, "based on different facts and legal theories," and does not prevail on all of them. *Hensley*, 461 U.S. at 434-35. In such a case, "no fee may be awarded" to the prevailing party for work done on the unsuccessful claims. *Id.* at 435. However, this is not such a case, as plaintiffs only assert ERISA claims that arise from the same set of facts. *See id.* at 435 (stating that cases in which the claims "involve a common core of facts or [are] based on related legal theories . . . . cannot be viewed as a series of discrete claims"). Thus, their failure to prevail on every claim is not a basis for reducing their fee request.

Plaintiffs say proportionality is also not a consideration because the Seventh Circuit eliminated it from the fee analysis in *Anderson*. In reality, the Court said proportionality can be consideration in but is not a prerequisite to a reasonableness finding:

> [W]e have "rejected the notion that the fees *must* be calculated proportionally to damages." *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 194 (7th Cir. 1994). . . .
>
> . . . .
>
> [But] [s]ome of our cases have expressed concern where attorney's fees overshadowed the damages awarded . . . because some other element of the case did not seem reasonable. . . . This is . . . how we read *Moriarty v. Svec*, 233 F.3d 955 (7th Cir. 2000) . . . . [where] we stated that, "[w]hile . . . disproportionality is not determinative and this court has approved attorney's fees many times the amount of damages recovered, . . . the district court's fee order should evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed." *Id.* at 968. We quickly reiterated "that any disproportionality that may be present in this case does not mean that the amount of attorney's fees awarded . . . was an abuse of discretion, but only that the district court should consider such proportionality factors in exercising its discretion in fashioning a reasonable attorney's fee." *Id.*

> To say that a court should give "increased reflection" before awarding attorney's fees that are several times the amount of the actual damages is nothing more than to say that a comparatively large fee request raises a red flag. . . . [But] while a fee request that dwarfs the damages award might raise a red flag, measuring fees against damages will not explain whether the fees are reasonable in any particular case.

*Id.* at 545-46 (emphasis added). Thus, proportionality or the lack of it, can be a proper reasonableness consideration.

At base, then, the issue is whether $23,125.98, *i.e.*, 116.7 attorney hours at $160.00/hour, 13.7 paralegal hours at 60.00/hour, and $3,631.98 in costs, is a reasonable fee for this case. Plaintiffs' counsel have submitted affidavits supporting the reasonableness of their hourly rates, and the number of hours worked seems reasonable for a case that spanned a year, and involved discovery, two motions to compel, and a summary judgment motion. Moreover, the fact that the fees exceed the amount recovered does not warrant a reduction in this case. Even if plaintiffs had prevailed on all of their claims, they would have recovered $5,642.24 in contributions, a small amount in comparison to their attorney's fees. But ERISA makes a fee award mandatory in collection cases, *see* 29 U.S.C. 1132(g)(2), reflecting Congress' decision to encourage collection litigation, even for modest amounts. Defendant may question that wisdom of that decision, but it is not one the Court may ignore. *See Anderson*, 578 F.3d at 546 (stating that "fee-shifting statutes remove th[e] normative decision from the court" of whether "a small claim was 'worth' pursuing at great cost"). Because defendant has not raised any valid objections to plaintiffs' fee request, the Court grants it in full.

## **Conclusion**

For the reasons set forth above, the Court grants plaintiffs' petition for fees. The Court orders the parties to file an agreed judgment order that comports with this order and the summary judgment order on or before November 20, 2014.

**SO ORDERED.**  **ENTERED: November 12, 2014**

**_____**
**HON. RONALD A. GUZMAN**
**United States District Judge**